UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26-cv-23249-BLOOM/Elfenbein

ANGELA C. DUNCAN, on behalf of
ANGELA C. DUNCAN REVOCABLE TRUST,

Plaintiff,

v.

NICKLAS SARNICOLA, individually,
also known as NICK SARNICOLA,

Defendant.

_____/

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET
ASIDE CLERK'S DEFAULT AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT

Plaintiff, Angela C. Duncan, on behalf of the Angela C. Duncan Revocable Trust, by and through

undersigned counsel, files this Response in Opposition to Defendant Nicklas Sarnicola's Motion

to Set Aside Clerk's Default, ECF No. 18, and Reply in Support of Plaintiff's Motion for Default

Judgment, ECF No. 14, and states as follows:

I. INTRODUCTION

Defendant asks this Court to set aside the Clerk's Default based largely on his pro se status and his

alleged misunderstanding that settlement communications with Plaintiff's counsel somehow

excused his obligation to timely respond to the Complaint. This does not constitute good cause

under Rule 55(c).

Defendant was served with the summons and Complaint on May 25, 2026. The summons clearly stated that a response to the Complaint was required and identified the deadline for doing so. Defendant's response was due twenty-one days after service. He did not answer, move, request relief from the Court, or otherwise file any timely paper. Defendant's claim that he did not understand his obligation to respond does not constitute good cause under Rule 55(c), particularly where the summons itself stated the requirement and deadline.

Moreover, during the parties' brief telephone call, Plaintiff's counsel expressly stated that no legal advice was being provided and, subject to that limitation, told Defendant that a formal response or answer needed to be filed. At no time during that call did Defendant request an extension of time, and the response deadline was not discussed. The call concerned potential settlement only. Plaintiff's counsel requested that Defendant prepare a proposed settlement timeline for payments and submit it by email. Defendant agreed to submit a proposed settlement timeline, but never did so.

Plaintiff does not contend that Defendant never contacted counsel. He did. The record shows that Defendant contacted Plaintiff's counsel on June 8, 2026 to discuss possible settlement. Plaintiff's counsel responded on June 11, 2026 after speaking with her client and agreed to have a settlement discussion. The parties then exchanged emails about scheduling a call. Defendant's own communications show that the subject of those discussions was settlement, not an extension of his deadline to answer.

The record also shows that any delay in scheduling the settlement discussion was caused by Defendant's own availability and delayed response, not by Plaintiff or Plaintiff's counsel. On June 12, 2026, Defendant stated, "I'll be in flight most of Monday AM. Does any other day work next

week for you?" Plaintiff's counsel responded that she could do Wednesday at 1:00 p.m. Defendant did not confirm until June 16, 2026, when he wrote, "Apologies for delay. Absolutely that works, if it still works your way."

Defendant now relies on an alleged June 17, 2026 email requesting a seven-day extension. Plaintiff's counsel has no record of receiving that June 17 email, particularly where other emails between the parties were received and exchanged during the same period. More importantly, Defendant's June 24, 2026 email attaching his Motion for Extension of Time did not mention any prior June 17 request, did not state that Plaintiff's counsel had failed to respond to an extension request, and did not suggest that he was waiting on any agreement from Plaintiff. Instead, Defendant stated that the parties had been communicating and that he was "working on preparing a formal response."

Defendant's failure to timely respond was not caused by Plaintiff, Plaintiff's counsel, or any ambiguity in the Rules. It was caused by Defendant's own decision not to file a response by the deadline. Although Defendant appears pro se, pro se litigants must still comply with the Federal Rules of Civil Procedure, the Local Rules, and Court deadlines. Defendant has not shown good cause to set aside the Clerk's Default, and Plaintiff's pending Motion for Default Judgment should be granted.

## II. RELEVANT BACKGROUND

1. Defendant was served with the summons and Complaint on May 25, 2026.

2. Defendant's deadline to respond to the Complaint expired twenty-one days later.

3. On June 8, 2026, Defendant emailed Plaintiff's counsel and stated that he wanted to explore resolving the matter "amicably and efficiently" and was open to "structured repayment or other arrangements."

4. On June 11, 2026, Plaintiff's counsel responded: "I spoke with my client and she's amenable to you and I having a settlement discussion. Are you available on Monday?"

5. On June 12, 2026, Defendant responded to Plaintiff's counsel's request to schedule a settlement discussion and stated, "I'll be in flight most of Monday AM. Does any other day work next week for you?"

6. Plaintiff's counsel responded that she could do Wednesday at 1:00 p.m.

7. Defendant did not respond confirming his availability until June 16, 2026, when he wrote, "Apologies for delay. Absolutely that works, if it still works your way."

8. During the parties' brief telephone call, Plaintiff's counsel expressly stated that no legal advice was being provided and, subject to that limitation, told Defendant that a formal answer or other response to the Complaint was required. Defendant did not request an extension of time during the call, and the response deadline was not discussed. The call concerned potential settlement only, and Plaintiff's counsel requested that Defendant prepare a proposed settlement timeline for payments and submit it by email.

9. Defendant never submitted the proposed payment timeline requested by Plaintiff's counsel during the parties' settlement discussion.

10. Defendant now claims that on June 17, 2026, after that telephone call, he sent Plaintiff's counsel an email requesting seven additional days to respond to the Complaint.

11. Plaintiff's counsel has no record of receiving the alleged June 17 email; however, regardless of any reply or lack of reply from Plaintiff's counsel, Defendant remained obligated to file a timely response with the Court or otherwise seek relief from the Court before the applicable deadline expired.

12. Defendant did not file a timely answer, motion to dismiss, motion for extension of time, or any other responsive paper by his deadline.

13. Plaintiff moved for Clerk's Default on June 23, 2026.

14. On June 24, 2026, Defendant emailed Plaintiff's counsel and attached his Motion for Extension of Time to Respond to the Complaint. In that email, Defendant did not mention the alleged June 17 email, did not state that Plaintiff's counsel had ignored an extension request, and did not state that he believed an extension had been granted. The Court denied the Defendant's Motion for an Extension of Time. (ECF No. 12).

15. Plaintiff's counsel responded on June 24, 2026 and stated that, in the meantime, the Court had directed Plaintiff to seek default, that Plaintiff had already filed the motion for default, and stated that Defendant should engage an attorney regarding next steps.

16. The Clerk's Default was entered on June 24, 2026 (ECF No. 10).

17. Defendant now seeks to set aside the Clerk's Default.

III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." In determining whether good cause exists, courts consider whether the default was culpable or willful, whether setting aside the default would prejudice the plaintiff, and whether the defaulting party has presented a meritorious defense. See *Compania Interamericana Export-Import, S.A.* v. *Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

Although there is a preference for resolving cases on the merits, that preference does not eliminate a defendant's burden to comply with deadlines or establish good cause. A pro se litigant is still required to follow the Federal Rules of Civil Procedure and court orders. See *Albra v. Advan, Inc., 490 F.3d 826, 829* (11th Cir. 2007); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989).

**IV. ARGUMENT**

**A. Defendant's Settlement Communications Did Not Excuse His Failure to Timely Respond**

Defendant did not contact Plaintiff's counsel until roughly one week before the expiration of the response period. Defendant's principal argument is that he mistakenly believed his direct communications with Plaintiff's counsel regarding potential settlement satisfied or excused his obligation to respond to the Complaint. That argument fails.

The emails show that Defendant initiated contact with Plaintiff's counsel on June 8, 2026 to discuss possible resolution. Plaintiff's counsel agreed to a settlement discussion. Nothing in those emails states, suggests, or implies that Plaintiff agreed to extend Defendant's deadline to respond. Nothing in those emails stated that Defendant did not need to answer. Nothing in those emails waived Plaintiff's right to seek default.

To the contrary, during the parties' brief telephone call, Plaintiff's counsel expressly stated that no legal advice was being provided and, subject to that limitation, told Defendant that a formal answer or other response to the Complaint was required. Defendant therefore cannot credibly claim that Plaintiff's counsel caused him to believe that informal settlement communications were enough.

At no time during the call did Defendant request an extension of time, and the response deadline was not discussed. The call concerned potential settlement only. Plaintiff's counsel requested that Defendant prepare a proposed settlement timeline for payments and submit it by email. Defendant never submitted that proposed payment timeline.

The record also shows that Defendant's own availability and delayed response affected the timing of the settlement discussion. On June 12, 2026, Defendant stated, "I'll be in flight most of Monday AM. Does any other day work next week for you?" Plaintiff's counsel offered Wednesday at 1:00 p.m., and Defendant did not confirm until June 16, 2026, when he wrote, "Apologies for delay. Absolutely that works, if it still works your way." Defendant therefore cannot rely on the existence or timing of settlement communications as good cause for his failure to timely respond.

Settlement communications do not stay a defendant's deadline to respond to a complaint. If Defendant needed more time, he was required to obtain either a stipulation or an order from the Court. He did neither before his deadline expired.

Defendant's alleged misunderstanding of the Rules is not good cause. Defendant was served with a summons that stated his obligation to respond and the deadline for doing so. The Rules are clear. Defendant's decision to focus on settlement instead of filing a timely response does not make his default excusable.

**B. Plaintiff's Counsel Did Not Mislead Defendant or Agree to Any Extension**

Defendant's motion suggests that Plaintiff's counsel's communications contributed to his default. They did not.

Plaintiff does not claim that Defendant never contacted counsel. Defendant contacted Plaintiff's counsel before and after the alleged June 17 communication. However, Plaintiff's counsel has no record of receiving the alleged June 17 email, and Defendant did not mention that alleged email when he later contacted Plaintiff's counsel on June 24, 2026.

During the parties' telephone call, Plaintiff's counsel expressly stated that no legal advice was being provided and, subject to that clear limitation, told Defendant that a formal answer or other response to the Complaint was required. Plaintiff's counsel did not tell Defendant that settlement communications would satisfy his obligation to respond. Plaintiff's counsel did not state that his deadline was suspended. Plaintiff's counsel did not agree to any extension of time.

That distinction is critical. Defendant was told that a formal answer or response was required, subject to the express limitation that no legal advice was being provided. Defendant's failure to timely file a response therefore cannot be attributed to confusion created by Plaintiff's counsel.

Moreover, on June 24, 2026, Defendant emailed Plaintiff's counsel attaching his Motion for Extension of Time and wrote that the parties had been communicating and that he was working on preparing a formal response. He did not say that he requested an extension on June 17 and never heard back. He did not ask why counsel had not responded to his alleged June 17 request. He did not claim that he was relying on Plaintiff's silence. His June 24 email is inconsistent with the suggestion that Plaintiff's counsel ignored a prior extension request that caused his default.

Plaintiff's counsel promptly responded on June 24, 2026 and stated that the Court had directed Plaintiff to seek default, that Plaintiff had filed the motion for Clerk's Default, and that Defendant should consult an attorney regarding next steps. Plaintiff's counsel did not provide Defendant legal advice, did not mislead him, and did not agree to extend any deadline.

## C. Defendant's Pro Se Status Does Not Excuse Noncompliance with the Rules

Defendant appears pro se, but that does not excuse his failure to comply with the Federal Rules of Civil Procedure. The Eleventh Circuit has repeatedly made clear that pro se litigants must follow procedural rules and court deadlines.

Here, Defendant was not prevented from filing a response. He was not misled by Plaintiff. He simply failed to timely answer or otherwise respond. Defendant's pro se status does not convert his failure into good cause.

## D. Defendant Has Not Established a Meritorious Defense

Defendant's motion offers only a conclusory statement that he believes he has meritorious defenses, including that the investment was made with knowledge and acknowledgment of risk. That is insufficient.

A party seeking to set aside a default must do more than assert a generalized belief that defenses exist. Defendant does not attach a proposed answer. He does not plead specific facts showing a legally sufficient defense to Plaintiff's claims. He does not address the allegations that he made material representations and assurances concerning Plaintiff's investment, that Plaintiff relied on

those representations, and that Plaintiff suffered damages when Defendant and/or the related entity failed to return her funds as represented.

The mere fact that an investment carried risk does not automatically defeat Plaintiff's claims, particularly where Plaintiff's claims arise from alleged misrepresentations, omissions, inducement, assurances, and failure to repay. Defendant's conclusory assertion does not satisfy the meritorious-defense factor.

### E. Plaintiff Will Be Prejudiced by Further Delay

Defendant argues that Plaintiff will not be prejudiced because the case is in its early stages. But Plaintiff has already been forced to seek Clerk's Default, move for default judgment, and now respond to Defendant's attempt to undo the consequences of his own failure to comply with the Rules.

This case concerns a substantial investment made in October 2023 and Plaintiff's ongoing inability to recover her funds, particularly where Catalyst Solar has been a revoked entity since October 2024. Additional delay benefits Defendant while further postponing Plaintiff's ability to obtain relief. Defendant's delay is not merely technical; it has required additional motion practice and further expense.

### F. Plaintiff's Motion for Default Judgment Should Not Be Denied Based on Defendant's Untimely Filing

Defendant's opposition to Plaintiff's Motion for Default Judgment relies entirely on his contemporaneously filed Motion to Set Aside Clerk's Default. Because Defendant has not

established good cause to set aside the default, his opposition to default judgment fails for the same reasons.

The Clerk's Default was properly entered after Defendant failed to timely respond. Defendant has not shown that his failure was excusable, has not shown that Plaintiff or Plaintiff's counsel caused the default, and has not presented a sufficient meritorious defense. Accordingly, Plaintiff's Motion for Default Judgment should be granted.

## V. CONCLUSION

Defendant was served, failed to timely respond, and now seeks relief based on informal settlement communications and a claimed misunderstanding of the Rules. Plaintiff's counsel did not mislead Defendant, did not agree to an extension, and has no record of receiving the alleged June 17 email on which Defendant now relies. Plaintiff's counsel expressly stated that no legal advice was being provided and, subject to that limitation, told Defendant that a formal answer or other response to the Complaint was required. Defendant's June 24 communication also did not mention any prior unanswered extension request.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Set Aside Clerk's Default, reject Defendant's opposition to Plaintiff's Motion for Default Judgment, grant Plaintiff's Motion for Default Judgment, and award such further relief as the Court deems just and proper.

Respectfully submitted this 7th day of July, 2026,

**/s/ Courtney Jared Bannan, Esquire**
**The Entrepreneur's Law Group**
Licensed to Practice in England and Wales as a Registered Foreign Attorney
Licensed to Practice Law in Florida
Licensed to Practice Law in New York
Licensed to Practice Law in Texas
Licensed to Practice law in Utah
122 Poinsetta Street
Indialantic, Florida 32903
cjb@courtneyjaredbannan.com
954-249-2230
**Counsel for Angela C. Duncan and Angela C. Duncan Revocable Trust**

## CERTIFICATE OF SERVICE

I further certify that a true and correct copy of the foregoing was served on Defendant Nicklas Sarnicola, pro se, via electronic mail at nick@nicksarnicola.com.